UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 5:10-CR-144-JMH-HAI-2 |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| WILLIAN CHANONA-HERNANDEZ, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 1, 2011, Defendant Willian Chanona-Hernandez pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  D.E. 216, 218.  Defendant's Presentence Investigation Report ("PSR") ascribed a criminal history category of I and a total offense level of 33, yielding a Guidelines Range of 135 to 168 months. At sentencing, the District Judge adopted the PSR without objection.  D.E. 313.  By an amended judgment entered November 3, 2011, Judge Hood sentenced Defendant to 70 months on Counts One and Two, to be served concurrently to each other, and 30 months on the firearm count, to be served consecutively to Counts One and Two, for a total term of 100 months.  D.E. 323 at 2. This sentence was well below the Guidelines Range calculated by the PSR, to which Defendant lodged no objections.

Defendant did not appeal his sentence.  In May 2015, he filed a motion to reduce his sentence pursuant to Amendment 782 and 18 U.S.C. § 3582.  D.E. 428.  The Court denied that

motion because his sentence was already below the amended Guidelines Range.  D.E. 424, 430.

Defendant filed a motion for reconsideration (D.E. 439), which was also denied (D.E. 441).

On June 21, 2016, more than four years and seven months after judgment was entered

against him, Defendant filed this motion challenging his sentence under 28 U.S.C. § 2255.  D.E.

456.  Defendant relies on *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that

*Johnson v. United States*, 135 S. Ct. 2551 (2015), applies retroactively to cases on collateral

review.  D.E. 456-1.  The Supreme Court in *Johnson* held that the "residual clause" portion of

the definition of "violent felony" in the Armed Career Criminal Act (18 U.S.C. § 924(e)(1)) was

unconstitutionally void for vagueness.  Thus, *Johnson* and *Welch* provide a potential basis for

relief for federal habeas petitioners who were sentenced under the residual clause of the Armed

Career Criminal Act's definition of "violent felony."  Defendant asks to be resentenced in light

of *Johnson*.  D.E. 456-1 at 5.

Under Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must conduct

a prompt "preliminary review" of the motion.  "If it plainly appears from the motion, any

attached exhibits, and the record of prior proceedings that the moving party is not entitled to

relief, the judge must dismiss the motion."  *Id.*; *see also* 28 U.S.C. § 2255(b) (permitting

dismissal of a § 2255 motion when "the files and records of the case conclusively show that the

prisoner is entitled to no relief").  Because Defendant's motion plainly lacks merit and is time-

barred, his motion must be denied.

## I.   Legal Standards

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief because his sentence

violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a

sentence, or the sentence exceeds the maximum authorized by law.  28 U.S.C. § 2255.  To

prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence.  *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Defendant is proceeding *pro se*, without the assistance of an attorney.  The Court construes *pro se* motions more leniently than other motions.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Nevertheless, § 2255 imposes a strict one-year statute of limitations.  That limitations period runs from the latest of four events, only two of which are relevant in this case:

(1) the date on which the judgment of conviction becomes final;

(2) [or] . . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C § 2255(f).

When no appeal is filed, a conviction "becomes final when the time for direct appeal expires." *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).  The Sixth Circuit's Rules mandate that a criminal appeal be filed "within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Sixth Circuit Rule 4(b)(1)(A).  Defendant's one-year statute of limitations under § 2255(f)(1)

expired in November 2011.  Unless he can show that § 2255(f)(1) does not apply, his claim is time-barred.[1]

## II.  Analysis

In an attempt to invoke § 2255(f)(3), Defendant points to *Johnson v. United States*, 135 S. Ct. 251 (2015).  The *Johnson* decision indeed fits within the statute's parameters.  The Court in *Johnson* recognized a new right that has been made retroactively applicable to cases on collateral review.  *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

However, Defendant cannot invoke § 2255(f)(3) because "the right asserted" in his petition has no application to his case.  In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act was unconstitutionally void for vagueness.  *Johnson*, 135 S. Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process.").  But Defendant was not sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).  Defendant's firearms charge arose under § 924(c)(1)(A), which, in his case, involved possessing a firearm "during and in relation to any . . . drug trafficking crime."  *See* D.E. 218 at 2 ¶ 4(b) (plea agreement, noting "that the defendant knowingly possessed a firearm . . . in the furtherance of [a conspiracy to distribute cocaine]").  Accordingly, *Johnson* has no applicability to his case.  Defendant cannot rely on *Johnson* to invoke § 2255(f)(3).  His petition is therefore untimely.

It is also worth noting that, in addition to its timeliness, the substance of Defendant's petition depends on the applicability of *Johnson*.  D.E. 456-1 at 5.  Because *Johnson* has no relationship to Defendant's sentence, his petition also plainly fails on the merits.

---

[1] Defendant makes no claim of actual innocence or for equitable tolling, which can extend the limitations period. *See Souter v. Jones*, 395 F.3d 577, 598-601 (6th Cir. 2005); *Hargrove v. Brigano*, 300 F.3d 717, 719-20 (6th Cir. 2002).  His motion recognizes the timeliness issue (D.E. 456 at 12), and relies solely upon § 2255(f) to explain why he believes his petition is timely.

4

"[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

### III.  Conclusion

Having conducted a preliminary review, the undersigned finds that Defendant's theory regarding the timeliness of his petition is plainly meritless. The one-year statute of limitations began to run on the date his judgment of conviction became final, which occurred in November 2011. His petition, placed in the prison mail on June 14, 2016, was untimely. Because *Johnson* is inapplicable to his case, Defendant may not use it to invoke § 2255(f)(3)'s alternative statute of limitations. The undersigned therefore **RECOMMENDS** that the motion be **DENIED** as time-barred. In the alternative, it is also unmistakably clear that the motion should be denied on the merits.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. *See* 28 U.S.C. § 2253(c)(2). When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant's sole theory regarding the merits and the timeliness of his case relies on the applicability of *Johnson*. Because *Johnson* is plainly not applicable, reasonable jurists would not find this dismissal debatable.

In certain circumstances, prior notice of dismissal is required. *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015); *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000)

5

(explaining that when the court's *sua sponte* dismissal is based on procedural grounds, "the district court must provide notice and an opportunity to be heard prior to dismissal," but when "the dismissal is based on the merits . . ., no prior notice is required"). *Shelton* recognizes that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295.

Thus, any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 23rd day of June, 2016.

**Signed By:**

*Hanly A. Ingram*

**United States Magistrate Judge**