UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 10-cr-144-JMH-HAI-2 |
| v. | ) | |
| | ) | |
| WILLIAN CHANONA-HERNANDEZ, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on the Recommended Disposition entered by Magistrate Judge Hanly A. Ingram [DE 458]. Said action was referred to the magistrate for the purpose of reviewing the merit of Defendant's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 456]. In his Report and Recommendation, the Magistrate Judge recommends that the Court dismiss Chanona-Hernandez's Motion as untimely in light of the one year statute of limitations for claims brought under 28 U.S.C. § 2255(f). Defendant has filed Objections [DE 463] to that Recommendation in a timely fashion, and this matter is ripe for consideration. For the reasons stated below, the Motion will be denied as time-barred. Judgment will issue by separate order.

**I.**

Pursuant to Federal Rule of Civil Procedure 72, a party may

object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005)).

## II.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Section 2255 provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>           (4) the date on which the facts supporting the
>           claim or claims presented could have been
>           discovered through the exercise of due
>           diligence.

28 U.S.C. § 2255(f).

Defendant pleaded guilty to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) on August 1, 2011. He was sentenced and an amended judgment was entered on November 3, 2011, and he did not appeal his sentence. The Court has already denied his motion to reduce his sentence pursuant to Amendment 782 and 18 U.S.C. § 3582 [DE 430] and his motion to reconsider that decision [DE 441]. He now asks the Court, by virtue of his June 21, 2016 Petition, to grant him relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015) [DE 456] arguing that it should apply retroactively to his sentence.

The Magistrate Judge recommends denying Petitioner's request for a because Defendant was sentenced not under the "residual clause" portion of the definition of "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), but under § 924(c)(1)(A) for possessing a firearm "during and in relation to

any . . . drug trafficking crime." As such, the Magistrate Judge recommends that Defendant's Petition be denied as untimely, since he cannot rely on *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Welch v. United States*, 136 S.Ct. 1257 (2016), to invoke § 2255(f)(3). In his objections, Defendant argues that *Johnson* should apply to all convictions under § 924(c), asking this Court to lump together those sentences for using or carrying a firearm during a crime of violence (the "residual clause") and those for using or carrying a firearm during a "drug trafficking crime[s]", citing *In re: Pinder*, 824 F.3d 977 (11th Cir. 2016), because the language in subsections (c) and (e) is very similar and both are penal statutes. *Pinder* does not suggest that all cases under § 924(c)(1)(A), including those for using or carrying a firearm during a "drug trafficking crime," should be handled as Defendant proposes, and the Court is unpersuaded. Thus, having considered the matter de novo, the Court agrees with the Magistrate Judge that Defendant's one-year statute of limitations under § 2255(f)(1) expired in November 2011, one year after his judgment of conviction became final.

### III.

Finally, the Court considers whether a certificate of appealability should issue in this matter with respect to those claims raised under 28 U.S.C. § 2255. "A certificate of appealability may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate to issue, Defendant must be able to show that reasonable jurists could find in his favor, and the "question is the debatability of the underlying federal constitutional claim, not the resolution of that debate." *Miller-El v. Cockrell*, 537 U.S. 322, 342 (2003). Having carefully considered the matter, this Court concludes that a certificate should not issue in this matter.

Accordingly, **IT IS ORDERED:**

(1) that the Magistrate Judge's Report and Recommendation [DE 458] is **ACCEPTED** and **ADOPTED** over Defendant's objections; and

(2) that Defendant's Motion to Vacate, Set Aside, or Correct His Sentence pursuant to 28 U.S.C. § 2255 [DE 463] is **DENIED.**

(3) that no certificate of appealability will issue.

This is the 14th day of February, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge